UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOENISE COOKE,<br><br>     Plaintiff,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>     Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:22-CV-05375-KMW-EAP<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**Joenise Cooke**
2422 Denfield Street
Camden, NJ 08104

*Plaintiff, Pro Se*

**Dorothy A. Kowal, Esq.**
Price, Meese, Shulman & D'Arminio, PC
Mack-Cali Corporate Center
50 Tice Boulevard
Woodcliff Lake, NJ 07677

*Counsel for Defendant Experian Information Solutions, Inc.*

**WILLIAMS, District Judge:**

  **I. INTRODUCTION**

  This matter comes before the Court by way of the Motion filed by defendant Experian Information Solutions, Inc. ("Experian") to dismiss the Complaint of plaintiff Joenise Cooke ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Experian's Motion is granted.

1

## II. BACKGROUND

Plaintiff, proceeding *pro se*, brings this action against Experian under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*[1] The Complaint alleges that while preparing to purchase a new home in 2019, Plaintiff was unable to obtain a mortgage due to her credit score. (ECF No. 1 at 3.) Upon further investigation, Plaintiff allegedly discovered three "fraudulent accounts" listed on her credit report. (*Id.*) Plaintiff further recounts calling Experian numerous times to have the accounts removed and being advised to submit a formal dispute.[2] (*Id.*) Plaintiff did so, but states that "years later [Experian] still ha[s] the accounts reporting." (*Id.*) Consequently, Plaintiff alleges that she is unable to be approved for any consumer loans and that she and her family are being forced to live in an undesirable neighborhood. (*Id.* at 4.) And while Plaintiff was recently approved for an auto loan, she states that it comes with an "extremely higher interest rate" due to the reporting of these fraudulent accounts. (*Id.*) Plaintiff thus demands that the accounts be removed from her credit report, as well as $47,000 in compensatory damages. (*Id.*)

## III. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-

---

[1] The Complaint neither expressly invokes the FCRA nor purports to assert any particular cause of action arising thereunder. However, construing the Complaint liberally, as it must, the Court reads the Complaint as one alleging violations of §§ 1681e(b) and 1681i(a) of the FCRA.

[2] It is unclear from the Complaint whether Plaintiff is alleged to have submitted one or multiple disputes to Experian.

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

When considering a motion to dismiss the complaint of a *pro se* litigant, courts must bear in mind that such pleadings are held to less stringent standards than more formal pleadings drafted by lawyers. *See Dickerson v. New Jersey Inst. of Tech.*, 2019 WL 6032378, at *4 (D.N.J. Nov. 14, 2019) (citing *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004). However, this more liberal construction does not absolve *pro se* litigants of the need to adhere to the Federal Rules of Civil Procedure. *See, e.g.*, *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (explaining that *pro se* complaints, notwithstanding their liberal construction, must "contain sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face" (citations and quotation marks omitted)); *Badger v. City of Phila. Office of Prop. Assessment*, 563 F. App'x 152, 154 (3d Cir. 2014) ("Complaints filed pro se are construed liberally, but even a pro se complaint must state a plausible claim for relief.").

## IV. DISCUSSION

The FCRA seeks "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (internal quotation marks omitted). Consistent with this purpose, the FCRA places certain duties on credit reporting agencies ("CRAs") who, like Experian, "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).[3] To enforce the FCRA, Congress has tailored a private right of action that allows consumers to sue CRAs who "willfully or negligently fail to comply with certain duties to consumers" under the statute. *Seamans v. Temple Univ.*, 744 F.3d 853, 859 (3d Cir. 2014) (citing 15 U.S.C. §§ 1681n, 1681o). Two such duties are relevant to this case.

Section 1681e(b) of the FCRA provides, in relevant part: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the

---

[3] To be clear, the FCRA also imposes duties on "furnishers of information"—a term that, although undefined by the statute, is understood to include "any entity that reports information relevant to a consumer's credit rating . . . [t]he most common . . . furnishers of information are credit card issuers, auto dealers, department and grocery stores, lenders, utilities, insurers, collection agencies, and government agencies." *Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 446 (D.N.J. 2010).

4

inclusion of the inaccurate entry. *See Hafez v. Equifax Info. Servs., LLC*, 666 F. Supp. 3d 455, 460–61 (D.N.J. 2023) (citing *Cortez v. Trans Union, LLC*, 617 F.3d 688, 712–13 (3d Cir. 2010)).

The FCRA also confers on consumers the right to have negative information in their credit reports investigated (or "reinvestigated") for accuracy. Specifically, § 1681i(a) provides that if a consumer disputes information and properly notifies the CRA of the same, the CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). However, CRAs need not pursue a reinvestigation for accuracy "if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." *Id.* To state a claim under § 1681i, a plaintiff must—in addition to pleading inaccuracy—must establish that the CRA "(1) had a statutory duty to reinvestigate, and (2) would have discovered a discrepancy had it undertaken a reasonable investigation." *Stephens v. Equifax, Inc.*, No. 22-1940, 2023 WL 8531825, at *3 (D.N.J. Oct. 31, 2023) (citing *Cortez*, 617 F.3d at 713–14).

To proceed under either § 1681e(b) or § 1681i(a), a plaintiff must, as a threshold matter, establish a reported inaccuracy. *See Cheadle v. Experian*, No. 20-18183, 2023 WL 2213996, at *3 (D.N.J. Feb. 23, 2023); *Covington v. Equifax Info. Servs., Inc.*, No. 18-15640, 2019 WL 4254375, at *4 (D.N.J. Sept. 9, 2019). Here, Experian submits that the Complaint should be dismissed because it fails to allege any factual matter plausibly establishing the existence of "inaccurate information" necessary to state a claim under either § 1681e(b) or § 1681i(a). The Court agrees.

Plaintiff's Complaint here is quite underdeveloped in at least two respects. First, despite alleging the existence of three alleged accounts being reported, Plaintiff makes no attempt to

identify them or describe how exactly they were "fraudulent" (*e.g.*, identify theft, unauthorized transactions). *See, e.g.*, *Stephens v. Equifax, Inc.*, No. 22-1940, 2023 WL 8531825, at *2 (D.N.J. Oct. 31, 2023). Second, the Complaint "does not say what the negative credit information consisted of" or describe "in what respect it was false." *Gittens v. Sterling Jewelers Inc.*, No. 15-5872, 2016 WL 828098, at *2 (D.N.J. Feb. 29, 2016); *see also Covington v. Equifax Info. Servs., Inc.*, No. 18-15640, 2019 WL 4254375, at *4 (D.N.J. Sept. 9, 2019) (noting that a FCRA complaint must describe "how, why, or in what manner the information . . . is inaccurate.").

Having considered Experian's Motion to Dismiss (ECF No. 10), Plaintiff's Opposition thereto (ECF No. 11), and Experian's Reply (ECF No. 12); for the reasons set forth above; and for good cause shown; it is hereby

**ORDERED** as follows:

A) Experian's Motion to Dismiss (ECF No. 10) is **GRANTED**;

B) The Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**;

C) Plaintiff is **GRANTED LEAVE** to file an Amended Complaint on or before **April 15, 2024**.[4]

Dated: March 15, 2024         */s/ Karen M. Williams*
                              KAREN M. WILLIAMS
                              U.S. DISTRICT COURT JUDGE

---

[4] *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) ("[E]ven when plaintiff does not seek leave to amend [the] complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.").